IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-171-RJC-DCK

| | |
|---|---|
| ELECTROLYSIS PREVENTION SOLUTIONS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DAIMLER TRUCKS NORTH AMERICA LLC, | ) ) ) |
| Defendant. | ) ) |

## PROTECTIVE ORDER

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Protective Order" (Document No. 29) filed July 20, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

**1.      Proceedings and Information Governed**.   This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.").

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

**2.      Designation and Maintenance of Documents and Information**.

**A.**      "Confidential Information" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(7), or other information required by law or agreement to be kept confidential.

**B.** The "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

**C.** "Confidential Information" and "Highly Confidential Information" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**3. Documents Produced in Discovery and Depositions**.

**A. Documents and things produced** during the course of this litigation within the scope of Section 2.A. above, may be designated by the producing party as containing "Confidential Information" by placing the following wording on each page and each thing: "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION".

Documents and things produced during the course of this litigation within the scope of Section 2.B. above may be designated by the producing party as containing "Highly Confidential Information" by placing the following wording on each page and each thing: "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY.

**B. Depositions**

(i) For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. Exhibits may also be designated based on wording on the exhibit stating "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" or the like.

(ii) If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information."

(iii) During the deposition and during the fourteen (14) day period following the delivery of the transcript of the deposition session by the court reporter, the transcript and exhibits must be treated as "Highly Confidential Information," unless the disclosing party consents to less confidential treatment of the information.

(iv) Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing "Confidential Information" or "Highly Confidential Information" in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v) If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition transcript will be considered devoid of Confidential Information or Highly Confidential Information.

**4.     Inadvertent Failure to Designate**.

A. The inadvertent failure to designate a document as "Confidential Information" or "Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

B. In the event a producing party later designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation.

**5.     Challenges to Designations**.

A party's designation of documents or things as "Confidential Information" or "Highly Confidential Information" is not binding if the procedures below are followed:

A. A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

B. If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

C. Until the presiding judge has ruled on a dispute under this Section 5, the "Confidential Information" or "Highly Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

**6.     Disclosure and Use of Confidential Information**.

**A.**     Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Highly Confidential Information" may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

**B.**     Unless otherwise ordered by the Court, and subject to Section 9 below, "Highly Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** outside counsel of record for the receiving party in this action and their supporting personnel such as paralegals, legal assistants, data entry clerks, legal clerks, other employees to whom it is reasonably necessary to disclose the information for purposes of this litigation, and private photocopying services; **(b)** outside experts or consultants of the receiving party, as well as employees and assistants of said experts and consultants, to whom disclosure is reasonably necessary in this action who have signed the "Written Assurance" (Exhibit A), and as to whom the procedures set forth below in Section 6.D. have been followed; **(c)** the Court, jury, and Court personnel; **(d)** court reporters and their staff; **(e)** any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties and engaged for purposes of settlement discussions; **(f)** any third parties requested by counsel to furnish services, such as document coding, image scanning, mock trial, jury profiling, translation services, demonstrative exhibit preparation, or the creation of any computer database from documents, and who have signed the "Written Assurance" (Exhibit A); and **(g)** those individuals designated in Section 6.F.(c) below.

**C.**     Unless otherwise ordered by the Court, and subject to Section 9 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** the categories of individuals listed above in Section 6.B.; and **(b)** two in-house counsel, as well as their paralegals and regularly employed office staff, of the receiving party to whom disclosure is reasonably necessary for this action and who have signed the "Written Assurance" (Exhibit A).

**D.**     Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert or consultant, the receiving party must provide to the producing party a signed "Written Assurance" in the form attached as Exhibit A, and an up-to-date resume or curriculum vitae of the proposed expert or consultant that includes at least a list of all cases in which the consultant or expert has testified in the past four (4) years, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry (*i.e.,* vehicle design, production, and/or sales). The producing party will thereafter have ten (10) days from receipt of the Written Assurance to object to any proposed expert or consultant. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed expert or consultant during the ten (10) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

**E.** Counsel is responsible for the adherence by third-parties under Section 6.B.(f) and in-house counsel under Section 6.C.(b) to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Written Assurance in the form attached as Exhibit A. Counsel shall maintain a collection of all Written Assurances by which persons have agreed to be bound by this Protective Order.

**F.** "Confidential Information" or "Highly Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: **(a)** the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); **(b)** the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or **(c)** counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this Section 6.F., only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of the "Confidential Information" or "Highly Confidential Information."

Disclosure of material pursuant to this Section 6.F. does not constitute a waiver of the confidential status of the material so disclosed.

**7.** **Non-Party Information**.

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**8.** **Filing Documents With the Court**.

Any party may submit "Confidential Information" or "Highly Confidential Information" to the Court under seal in accordance with this Court's Local Rules and the Court's Pretrial Order and Case Management Plan.

**9.** **No Prejudice.**

Producing or receiving "Confidential Information" or "Highly Confidential Information," or otherwise complying with the terms of this Protective Order, will ***not***: **(a)** operate as an admission by any party that any particular "Confidential Information" or "Highly Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary information; **(b)** prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)**

prejudice the rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**10.** **Production of Privileged Documents**.

Any documents or things produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document or thing was produced. The production of privileged or work-product protected documents or things or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The receiving party shall return, or certify as destroyed, such documents and things, including all copies, within ten (10) business days of receiving a written request to claw-back a privileged or immune document or thing. The party returning or destroying such documents may thereafter seek reproduction of any such documents pursuant to applicable law. In the event that the receiving party believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the clawed-back documents or things, then the receiving party must notify the producing party in writing. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**11.** **Conclusion of Litigation.**

Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**12.    Other Proceedings.**

Any person or party subject to this Protective Order who may be subject to a motion, subpoena or court order to disclose another party's documents or things or information designated as "Confidential Information" or "Highly Confidential Information" pursuant to this Protective Order must: (1) promptly notify that party and that party's counsel in writing (including a copy of the motion, subpoena or order) so that the party may have an opportunity to move for a protective order and to appear and be heard on whether that information should be disclosed; (2) promptly notify in writing (including a copy of this Protective Order) the party who caused the motion, subpoena, or order to issue that some or all of the material covered by the motion, subpoena, or order is subject to this Protective Order; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the party whose "Confidential Information" or "Highly Confidential Information" may be affected.

**13.    Remedies**.

It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

**14.    Relief from Protective Order.**

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

Signed: July 22, 2021

_____
David C. Keesler
United States Magistrate Judge

# Exhibit A

## WRITTEN ASSURANCE

I, _____, have been informed by counsel that certain documents, things, or information to be disclosed to me in connection with the litigation entitled *Electrolysis Prevention Solutions LLC v. Daimler Trucks North America LLC*, Case No. 3:21-cv-00171-RJC-DCK, in the United States District Court for the Western District of North Carolina, Charlotte Division, are subject to restrictions under a court order for the protection of such information (hereinafter, "Protective Order"). I declare under penalty of perjury that I have been provided with a copy of the Protective Order in the aforementioned case, I have read and understand the Protective Order, and I agree to be bound by the Protective Order. I understand that any documents, things, or information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION—ATTORNEY'S EYES ONLY" must be kept confidential in accordance with the terms of the Protective Order, and that I am submitting to the jurisdiction of the court for purposes of enforcement of the Protective Order.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Signature: _____

Name (print): _____

Date: _____

Company: _____

Address: _____

_____