IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00171-RJC-WCM

| | | |
|---|---|---|
| ELECTROLYSIS PREVENTION SOLUTIONS LLC, | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) ) | |
| DAIMLER TRUCK NORTH AMERICA LLC, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the following motions:

1. "Defendant's Motion to Seal Confidential Information Exhibits 9 and 11 Attached to the Declaration of Oliver J. Richards filed in support of its Motion to Strike Electrolysis Prevention Solution LLC's New Infringement Theory and Late Disclosed Testing" filed by Daimler Truck North America LLC ("DTNA's Motion to Seal," Doc. 121); and

2. Plaintiff's Unopposed Motion to Seal ("EPS's Motion to Seal," Doc. 126).

I.    Legal Standard

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the

documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR 6.1(c).

## II. The Motions

### A. DTNA's Motion to Seal

DTNA moves for leave to file the following documents under seal: (1) a 5-page excerpt from Michael Nranian's opening expert report, dated April 28, 2023 (Doc. 122); and (2) a 6-page excerpt from David A. Rockstraw's opening expert report, dated April 27, 2023 (Doc. 122-1).[1]

DTNA asserts that the sealing of these materials is required in order to prohibit the disclosure of purportedly confidential technical, business, operational, and financial information of third parties Spectra Premium ("Spectra") and MAHLE Behr Charleston Inc. ("Mahle Behr"), which has been

---

[1] Mr. Nranian and Dr. Rockstraw have been retained by counsel for EPS.

2

produced in response to subpoenas issued in this matter. Both of these excerpts have been designated as "Highly Confidential for Attorneys' Eyes Only" under the existing protective order.

DTNA's Motion to Seal was filed on May 10, 2023. Docs. 121. No opposition to the Motion has been submitted, and the deadline for doing so has passed. Further, the public has been provided with notice of the Motion as it has been pending since May 10.

### B. EPS's Motion to Seal

EPS moves for leave to file the following documents under seal: (1) an unredacted copy of EPS's response in opposition to DTNA's Motion to Strike; and (2) Michael Nranian's opening expert report.[2]

The basis for EPS's request for sealing is the same as DTNA's request—that sealing is needed in order to protect certain confidential technical information Spectra and Mahle Behr have provided.

EPS's Motion to Seal was filed on May 24, 2023, such that the public has been provided with notice of the Motion. Doc. 126. EPS states in its Motion that DTNA does not object to its sealing request. EPS has also filed a redacted

---

[2] Unlike DTNA, EPS has submitted the full Nranian report in relation to the Motion to Strike. EPS moves to seal the report in its entirety and asserts that, because DTNA has not provided EPS with a redacted version of the report, EPS is not in a "position to determine what information in it is confidential to DTNA, much less to third parties." Doc. 126 at 3.

version of its opposition to the Motion to Strike, which appears on the public docket. Doc. 125.

### III. Discussion

The undersigned has considered both Motions to Seal, the public's interest in access to the subject documents, and alternatives to sealing. It appears that both DTNA and EPS have complied with the requirements of Local Civil Rule 6.1.

Based on the information before the Court at this time, the undersigned concludes that DTNA and EPS have made a sufficient showing such that the Motions should be allowed. This ruling, however, may be subject to further consideration by the District Court, or upon a subsequent motion to unseal the subject documents.

**IT IS THEREFORE ORDERED THAT**:

1. The "Motion to Seal Confidential Information Exhibits 9 and 11 Attached to the Declaration of Oliver J. Richards filed in support of its Motion to Strike Electrolysis Prevention Solution LLC's New Infringement Theory and Late Disclosed Testing" filed by Daimler Truck North America LLC (Doc. 121) is **GRANTED** and Exhibits 9 and 11 (Docs. 122 and 122-1) are **SEALED** until further Order of the Court.

2. The Unopposed Motion to Seal filed by Plaintiff Electrolysis Prevention Solutions LLC (Doc. 126) is **GRANTED** and the unredacted version of EPS's opposition to the Motion to Strike (Doc. 127) and Exhibit A (Doc. 127-1) are **SEALED** until further Order of the Court.

Signed: July 27, 2023

W. Carleton Metcalf
United States Magistrate Judge