IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00171-RJC-WCM

| | | |
|---|---|---|
| ELECTROLYSIS PREVENTION SOLUTIONS LLC, | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) ) | |
| DAIMLER TRUCK NORTH AMERICA LLC, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on a Motion to Strike New Infringement Theory, Late Disclosed Testing, and Expert Testimony (the "Motion to Strike," Doc. 120) filed by Defendant Daimler Truck North America LLC ("DTNA"). The Motion to Strike is fully briefed, see Docs. 120, 122, 125, 127, 132, 151, and a hearing on the Motion was conducted on August 30, 2023. At the conclusion of the hearing, the undersigned issued an oral ruling on the Motion to Strike. This Order memorializes that ruling.

In the Motion to Strike, DTNA argues that information regarding "resistivity" and/or "benchtop" testing conducted by Bradley Krantz ("Krantz") of Corrosion Testing Laboratories Inc. ("CTL") ("the "CTL Testing") was improperly disclosed by Plaintiff after the completion of fact discovery and that the Court should strike Plaintiff's expert reports and expert testimony

pursuant to Rule 37 of the Federal Rules of Civil Procedure, to the extent such reports and testimony rely on the CTL Testing, as Plaintiff has attempted to present a new theory of infringement. See F.R.C.P. 37(c)(1) ("[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed.").

Having considered the Motion to Strike, the parties' arguments, and applicable authorities, the undersigned is not persuaded that the CTL Testing, or the expert reports and testimony based on the CTL Testing, should be viewed as presenting a new theory of infringement. See Klaustech, Inc. v. Google LLC, No. 10-cv-05899-JSW, 2018 WL 5109383, at *3 (N.D. Cal. Sept. 14, 2018) ("In determining whether to strike an expert's testimony based on a failure to properly disclose an infringement theory, the 'dispositive inquiry ... is ... whether the allegedly undisclosed theory is in fact a new theory or new element of the accused product alleged to practice a particular claim that was not previously identified in the plaintiff's contentions, or whether the theory is instead the identification of additional evidentiary proof showing that the accused element did in fact practice the limitation.'") (citations omitted); accord ASUS Comp. Int'l v. Round Rock Research, LLC, 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014) (Under the Northern District of California's local rules, a

"party may not use an expert report to introduce new infringement theories [or] new infringing instrumentalities ... not disclosed in the part[y's] infringement contentions.").

In the alternative, even if the CTL Testing and related expert testimony could be construed as asserting a new theory of infringement, the undersigned is not persuaded that this information should be excluded pursuant to Rule 37. See Southern States Rack and Fixture Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003). Defendant has had an opportunity to depose Krantz, as well as Plaintiff's other experts, has submitted rebuttal expert reports regarding the CTL Testing, and has filed other motions that address the CTL Testing. See e.g., Doc. 163.[1]

**IT IS THEREFORE ORDERED** that the Motion to Strike New Infringement Theory, Late Disclosed Testing, and Expert Testimony (Doc. 120) is **DENIED**.

Signed: August 30, 2023

W. Carleton Metcalf
United States Magistrate Judge

---

[1] The instant ruling pertains only to the Motion to Strike; the undersigned expresses no opinion regarding any other motion that references the CTL Testing and related testimony.