**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:21-cv-00171-RJC-WCM**

| | |
|---|---|
| **ELECTROLYSIS PREVENTION SOLUTIONS LLC,** <br><br> **PLAINTIFF,** <br><br> **v.** <br><br> **DAIMLER TRUCK NORTH NORTH AMERICA LLC,** <br><br> **DEFENDANT.** | **ORDER** |

**THIS MATTER** is before the Court on a Joint Request to Redact the Transcript of the Summary Judgment Hearing, (Doc. No. 226), held on October 24, 2023. (Doc. No. 229).

Jointly, the parties request that the following information be redacted in part from the Summary Judgment Hearing Transcript:

- Page 33, lines 16–17, 20–21
- Page 36, lines 11–14
- Page 37, lines 13–14
- Page 38, line 9
- Page 54, lines 18–19, 23
- Page 55, lines 5–6, 7–11, 17–18, 21, 22
- Page 56, lines 1–6, 8–9, 13–16

(Doc. No. 229).

The parties contend that the aforementioned redactions are appropriate because those parts of the transcript contain "third-party confidential information relating to manufacturing process, material, composition, structure, function, and design purpose of their products," which is "not publicly available and is deemed commercially sensitive by the third parties." (Doc. No. 229). The parties point the Court to the parties' joint motion to seal, (Doc. No. 207), and the Court's order granting the motion to seal, (Doc. No. 219), for more information regarding why the requested redactions are appropriate. (Doc. No. 229).

At the outset, the Court recognizes that the public has a right to inspect and copy judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "While a district court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests, the presumption in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (cleaned up). "[B]efore a district court may seal any court documents . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* (first citing *In re Knight Pub. Co.*, 743 F.2d 231, 235–36 (1984); and then citing *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 181 (1988)); *Wellness Grp., LLC v. King Bio, Inc.*, No. 1:12-CV-00281-MR-DLH, 2014 WL 68803, at *1 (W.D.N.C. Jan. 8, 2014) (sealing documents containing confidential

proprietary business information).

Both Plaintiff and Defendant filed notice of their intent to request a redaction of the hearing transcript on November 2, 2023. (Doc. Nos. 227, 228). The present motion was filed on November 7, 2023, and has been accessible to the public through the Court's electronic case filing system since that time. (Doc. No. 229). Thus, the public has been provided with adequate notice and an opportunity to object.

With the joint motion, the parties filed a redacted version of the transcript, denoting the specific portions of the transcript they wish to see redacted. (Doc. No. 229-1). The Court has reviewed those portions of the transcript and finds that the blacked-out portions of the parties proposed redacted transcript identify parts of the transcript which should remain confidential. As the parties contend, those portions of the transcript contain information regarding manufacturing process, material, composition, structure, function, and design purpose of third-party products which is not publicly available and is deemed commercially sensitive by the third parties. Thus, the third parties' interest in the confidentiality of the proprietary information outweighs the public's right of access, especially because that information has been previously sealed in these proceedings. Lastly, the proposed redactions are quite narrow, and there is no less drastic alternative to sealing the documents. Therefore, to protect the privacy interests of third parties in their proprietary information, it is necessary to redact the summary judgment hearing transcript.

**IT IS, THEREFORE, ORDERED** that:

1. The Joint Request to Redact the Transcript of Summary Judgment Hearing is **GRANTED**. (Doc. No. 229). Accordingly, the Court Reporter shall redact the

portions of the transcript that are blacked out in Doc. No. 229-1.

Signed: January 3, 2024

Robert J. Conrad, Jr.
United States District Judge